TRINETTE G. KENT (State Bar No. 025180)
KENT LAW OFFICES
3219 E Camelback Rd #588
Phoenix, AZ 85018
Telephone: (480) 247-9644
Facsimile: (480) 717-4781
E-mail: tkent@kentlawpc.com

Of Counsel to:
Credit Repair Lawyers of America
22142 West Nine Mile Road
Southfield, MI 48033
Telephone: (248) 353-2882
Facsimile: (248) 353-4840

*Attorneys for Plaintiff,*
*Apollonia Tarazon a.k.a. Apollonia Taron*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA (PHOENIX)

| | |
|---|---|
| Apollonia Tarazon a.k.a. Apollonia Taron,<br><br>Plaintiff,<br><br>vs.<br><br>Cavalry Portfolio Services, LLC,<br><br>Defendant. | Case No.:<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMAND** |

1

NOW COMES THE PLAINTIFF, APOLLONIA TARAZON A.K.A. APOLLONIA TARON, BY AND THROUGH COUNSEL, TRINETTE G. KENT, and for her Complaint against the Defendant, pleads as follows:

## JURISDICTION

1. This court has jurisdiction under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692k(d) and 28 U.S.C. §§1331,1337.

## VENUE

2. The transactions and occurrences which give rise to this action occurred in the City of Tolleson, Maricopa County, Arizona.

3. Venue is proper in the District of Arizona, Phoenix Division.

## PARTIES

4. Plaintiff is a natural person residing in City of Tolleson, Maricopa County, Arizona.

5. The Defendant to this lawsuit is Cavalry Portfolio Services, LLC ("Defendant"), which is a foreign limited liability company that conducts business in the State of Arizona.

## GENERAL ALLEGATIONS

6. Defendant is attempting to collect a consumer type debt allegedly owed by Plaintiff to Citibank in the amount of $5,422.00 (the "collection item").

7. Defendant is reporting the collection item with a dispute comment on Plaintiff's credit disclosures.

8. Plaintiff no longer disputes the collection item.

9. On September 14, 2021, Plaintiff obtained her Experian credit disclosure and noticed that Defendant was reporting the collection item.

10. On September 17, 2021, Plaintiff obtained her Trans Union credit disclosure and noticed that Defendant was reporting the collection item.

11. On or about September 27, 2021, Credit Repair Lawyers of America, on behalf of Plaintiff, sent Defendant a letter, informing Defendant that the collection item is inaccurate and asking Defendant to remove the dispute comment from the collection item.

12. Defendant received Plaintiff's letter on October 11, 2021.

13. On November 3, 2021, Plaintiff obtained her Experian credit disclosure, which showed that Defendant last reported the collection item reflected by the Experian credit disclosure on October 1, 2021, and failed or refused to remove the dispute comment from the collection item, in violation of the FDCPA.

14. On November 12, 2021, Plaintiff obtained her Trans Union credit disclosure, which showed that Defendant last reported the collection item reflected by the Trans Union credit disclosure on October 27, 2021, and failed or refused to

remove the dispute comment from the collection item, in violation of the FDCPA.

15. With a disputed item appearing on her credit reports, Plaintiff's FICO score is reporting inaccurately, such that she is not eligible for conventional mortgage financing or refinancing. Mortgage rates are now at historic lows, and Plaintiff cannot participate in this market due to Defendant's failures to remove the dispute comment.

16. In the credit reporting industry, data furnishers, such as Defendant, communicate electronically with the credit bureaus.

17. Defendant had more than ample time to instruct Trans Union and Experian to remove the dispute comment from the collection item.

18. Defendant's inaction to remove the dispute comment from the collection item were either negligent or willful.

19. Plaintiff suffered pecuniary and emotional damages as a result of Defendant's actions. Her credit reports continue to be damaged due to Defendant's failure to properly report the collection item.

## **VIOLATION OF**

## **THE FAIR DEBT COLLECTION PRACTICES ACT**

20. Plaintiff reincorporates the preceding allegations by reference.

21. At all relevant times, Defendant, in the ordinary course of its business, regularly engaged in the practice of collecting debts on behalf of other individuals or entities.

22. Plaintiff is a "consumer" for purposes of the FDCPA, and the account at issue in this case is a consumer debt.

23. Defendant is a "debt collector" under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692a(6).

24. Defendant's foregoing acts in attempting to collect the collection item violated the FDCPA at 15 U.S.C. §1692e:

   a. 15 U.S.C. §1692e(2)(A) by falsely representing the character, amount, or legal status of any debt by continuing to report the collection item with a dispute comment after being informed of the inaccuracy: and

   b. 15 U.S.C. §1692e(8) by reporting credit information which is known to be false, including the failure to communicate that the collection item is not disputed by failing to remove the inaccurate dispute comment from the collection item after being asked to do so by Plaintiff.

25. Plaintiff has suffered harm and damage at the hands of Defendant, and this harm was one specifically identified and intended to be protected against on behalf of a consumer, such as Plaintiff, by Congress.

26. Defendant's failure to remove the erroneous dispute comment from its collection item on Plaintiff's consumer credit file is annoying, humiliating, and embarrassing to Plaintiff as it creates a false impression regarding her creditworthiness.

27. To date, and as a direct and proximate cause of Defendant's failure to honor its statutory obligations under the FDCPA, Plaintiff has continued to suffer from anxiety, embarrassment, humiliation, and stress.

28. Plaintiff has suffered economic, emotional, general, and statutory damages as a result of these violations of the FDCPA.

WHEREFORE, PLAINTIFF PRAYS THAT THIS COURT grant her damages plus costs, interest, and attorneys' fees as provided by the Fair Debt Collection Practices Act.

## PRAYER FOR RELIEF

Accordingly, Plaintiff requests that the Court grant her the following relief against Defendant:

a. Actual damages;

b. Statutory damages; and

c. Statutory costs and attorneys' fees.

**<u>JURY DEMAND</u>**

Plaintiff hereby demands a trial by Jury.

DATED: November 29, 2021

          KENT LAW OFFICES


          By: */s/   Trinette G. Kent*
          Trinette G. Kent
          Attorneys for Plaintiff,
          Apollonia Tarazon a.k.a. Apollonia Taron